UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| FELIX P., | Case No. 19-CV-0036 (NEB/KMM) |
| Petitioner, | |
| v. | |
| SECRETARY OF HOMELAND SECURITY; MATTHEW WHITAKER, Acting Attorney General; SCOTT BANIECKE; and KURT FREITAG, | REPORT AND RECOMMENDATION |
| Respondents. | |

---

This matter is before the Court on Felix P.'s (hereafter "Mr. P") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Pet., ECF No. 1.] Also before the Court are Mr. P's Motion for Emergency Temporary Restraining Order and Stay of Removal Order ("TRO motion"), and the respondents' Motion to Dismiss for Lack of Jurisdiction. [TRO Mot., ECF No. 6; Mot. to Dismiss, ECF No. 12.] For the reasons that follow, the Court concludes that this action is moot, that the respondents' motion should be granted, and this action should be dismissed.

Mr. P was born in Liberia and is not a United States citizen. In his petition, he alleges that immigration authorities are holding him in custody at the Sherburne County Jail in Elk River, Minnesota. He claims that his immigration detention has been unreasonably long and that he should be released from custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). [*See* Pet. at 9 (seeking release because post-removal-order detention exceeded six months); Pet'r's Mem. of Fact and Law at 12–13 (discussing *Zadvydas*), ECF No. 7.] An immigration judge ("IJ") ordered Mr. P removed from the United States on December 1, 2017, and he appealed that decision to the Board of Immigration Appeals. [Pet. ¶¶ 6–7.] The BIA denied his appeal on May 24, 2018, and on August 5, 2018, Mr. P filed a petition for review of the BIA's decision with the Eighth Circuit Court of Appeals. [Pet. ¶¶ 7, 10(b), 11(c), 11(d).] In support of his petition and his TRO motion, Mr. P notes that his father, a naturalized citizen of the

1

United States, attempted to sponsor him to adjust his status, but the results of a DNA test revealed that Mr. P is not the biological son of the individual he believed to be his father. [*See* Pet'r's Mem. of Fact and Law at 1, ECF No. 7.] Mr. P notes that he and his father had an altercation after the DNA test results were received, which led to Mr. P threatening his father with a knife and a conviction for a domestic assault. [*Id.* at 2.]

The record indicates that Mr. P was taken into immigration custody on June 21, 2017 at the Hennepin County Jail after he was convicted of the domestic assault. [Pryd Decl. ¶ 5, ECF No. 11.] The Immigration and Customs Enforcement Agency ("ICE") held removal proceedings, and an IJ ordered him removed from the United States to either South Africa or Liberia. [Pryd Decl. ¶ 6.] The BIA dismissed Mr. P's appeal on May 24, 2018, making his removal order final. [Pryd Decl. ¶ 8.] On February 5, 2019, ICE learned that Liberia issued a travel document for Mr. P. [Pryd Decl. ¶ 12.] On March 22, 2019, the Department of Homeland Security removed Mr. P from the United States. [Mot. to Dismiss at 1–2; Mot. to Dismiss, Ex. 1, ECF No. 12-1.] Mr. P was removed on a flight leaving from JFK Airport. [Mot. to Dismiss, Ex. 1 at 3.]

Because Mr. P's habeas petition sought release from custody pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and he is now no longer in custody of any respondent, his petition is moot and should be dismissed. Mr. P's removal from the United States means there is no longer any actual, ongoing case or controversy. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). Courts consistently conclude that when a petitioner in a habeas case challenging his ICE detention is removed from the United States and returned to his native country, there is no longer a live case or controversy because a court can no longer order the relief sought in the petition. *See, e.g., Hassan v. I.C.E.*, No. 13-cv-841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (Order adopting report and recommendation); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *11–12 (D. Minn. Dec. 13, 2010). Because Mr. P has been returned to Liberia, the Court cannot give the relief he seeks, an order requiring immediate release pending removal. This action is moot.

Accordingly, **IT IS HEREBY RECOMMENDED** that the Petition **[ECF No. 1]** be **DENIED AS MOOT**, the TRO motion **[ECF No. 6]** be **DENIED**, the motion to dismiss **[ECF No. 12]** be **GRANTED**, and this action be **DISMISSED WITHOUT PREJUDICE**.

Date:  April 11, 2019                                       *s/Katherine Menendez*
                                                                       Katherine Menendez
                                                                       United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.